UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CURTIS OSCEOLA,

    Plaintiff,                                      CASE NO.:

v.

PROG LEASING, LLC, a Utah Corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Curtis Osceola ("Osceola"), by an through undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendants, Prog Leasing, LLC ("Progressive"), for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72 *et. seq.* In support hereof, Mr. Osceola states as follows:

### INTRODUCTION

1.    This action arises from Progressive's unlawful use of an automatic telephone dialing system ("ATDS") with prerecorded voice to place dozens of calls Mr. Osceola's cellular telephone. Progressive's calls each were attempts to collect a debt allegedly owed to it by Mr. Osceola. However, Progressive did not have Mr. Osceola's prior express consent to receive such calls, the natural consequence and reasonable expectation of which was to harass Mr. Osceola. Accordingly, Mr. Osceola brings this suit to remedy the Defendants' violations of the TCPA, FDCPA and FCCPA.

## PARTIES, JURISDICTION AND VENUE

2. Mr. Osceola is a natural person and legal resident of Miami-Dade County, Florida; is over the age of 21; and is otherwise *sui juris*.

3. Progressive is a Utah Corporation with its principal place of business in Draper, Utah. Progressive is authorized to and does, in fact, transact business in the State of Florida.

4. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367 and 47 U.S.C. § 227(b)(3).

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTUAL ALLEGATIONS

6. Progressive sought to collect from Mr. Osceola an alleged debt arising from a transaction in which the money, property, insurance or services that were the subject of the transaction were primarily for personal, family, or household purposes (the "Alleged Debt").

7. The principal purpose of Progressive's business is to collect or attempt to collect debts due or allegedly due to another, such as the Alleged Debt.

8. Mr. Osceola was the subscriber and regular, customary user of the cellular telephone number (786) 300-6300 (the "6300 Number") at all relevant times. From September 28 through October 11, 2019, Progressive placed no less than thirty (30) calls to the 6300 Number using an ATDS with an artificial and/or prerecorded voice.

9. Mr. Osceola never provided his prior express consent to receive phone calls or communications of any kind from Progressive, its parent(s) and/or subsidiary entities or its agents.

10. Each call that Progressive caused to be placed to the 6300 Number was an attempt to collect the Alleged Debt from Ms. Osceola.

11.     Progressive used an ATDS with artificial and/or prerecorded voice for each call it placed to the 6300 Number to deliver the following message: "This is an important message from Progressive Leasing. Please call us immediately at (866) 389-0002." None of Progressive's calls placed to the 6300 Number identified it as a debt collector attempting to collect a debt or informed Mr. Osceola that any information obtained from him would be used for that purpose.

12.     The following table summarizes twenty-seven (27) calls Progressive placed to the 6300 Number and that Mr. Osceola was able to document. The table includes the telephone number Progressive used to call to the 6300 Number, the date and the time of same:

| Calling Number | Date of Call | Time of Call |
|---|---|---|
| (615) 585-1994 | 9/28/2019 | 2:18 p.m. |
| (808) 212-9036 | 9/28/2019 | 3:42 p.m. |
| (615) 585-1994 | 9/28/2019 | 6:32 p.m. |
| (319) 975-3080 | 9/30/2019 | 8:40 a.m. |
| (319) 975-3080 | 9/30/2019 | 3:20 p.m. |
| (877) 482-4860 | 9/30/2019 | 7:13 p.m. |
| (208) 295-3067 | 10/1/2019 | 8:38 a.m. |
| (828) 210-1080 | 10/1/2019 | 3:51 p.m. |
| (314) 536-1303 | 10/1/2019 | 6:21 p.m. |
| (224) 509-3018 | 10/2/2019 | 10:21 a.m. |
| (224) 509-3018 | 10/2/2019 | 4:00 p.m. |
| (877) 482-4860 | 10/3/2019 | 12:42 p.m. |
| (260) 508-3065 | 10/3/2019 | 1:16 p.m. |
| (620) 305-3775 | 10/4/2019 | 10:42 a.m. |
| (620) 305-3775 | 10/4/2019 | 10:42 a.m. |
| (407) 951-7097 | 10/5/2019 | 10:02 a.m. |
| (502) 337-7383 | 10/5/2019 | 12:15 p.m. |
| (502) 337-7383 | 10/5/2019 | 3:34 p.m. |
| (713) 524-8619 | 10/5/2019 | 4:27 p.m. |
| (318) 704-8010 | 10/7/2019 | 10:50 a.m. |
| (318) 704-8010 | 10/7/2019 | 4:14 p.m. |
| (508) 409-6949 | 10/8/2019 | 8:04 a.m. |
| (508) 409-6949 | 10/8/2019 | 2:40 p.m. |
| (301) 804-9227 | 10/9/2019 | 9:55 a.m. |
| (877) 482-4860 | 10/9/2019 | 2:10 p.m. |
| (620) 305-3755 | 10/9/2019 | 2:14 p.m. |
| (502) 337-7383 | 10/9/2019 | 2:15 p.m. |

13. Progressive also placed three calls to the 6300 Number between October 10 and October 11, 2019. Although Mr. Osceola received and answered these calls, he was not able to record the information related to same.

14. Progressive placed all calls to the 6300 Number while Mr. Osceola was the subscriber and regular, customary user of same.

15. The table above evidences Progressive's conduct, the natural consequence of which was to intentionally harass and abuse Mr. Osceola in an attempt to collect the Alleged Debt.

16. Progressive's conduct could reasonably be expected to - - and did, in fact - - harass and abuse Mr. Osceola.

17. Progressive's harassing and abusive conduct generally is evidenced by its placing at least two calls per day to the 6300 Number. Further, Progressive intended to harass and abuse Mr. Osceola on the several occasions when it placed multiple calls to the 6300 Number in rapid succession, on back-to-back days, on weekdays during working hours and on the weekend.

18. For example, on two occasions (October 5 and October 9), Progressive called the 6300 Number four times between 9:30 a.m. and 4:30 p.m., all of which calls used were placed using an ATDS with artificial and/or prerecorded voice in an attempt to collect the Alleged Debt.

19. On three separate occasions (September 28, September 30 and October 1), Progressive called the 6300 Number three times in a single day, all of which were placed using an ATDS with artificial and/or prerecorded voice in an attempt to collect the Alleged Debt.

20. Additionally, on two occasions (October 4 and October 9), Progressive called the 6300 Number multiple times in a five-minute period, all of which Progressive placed using an ATDS with an artificial and/or prerecorded voice in an attempt to collect the Alleged Debt. On two separate occasions (October 3 and October 5), Progressive called the 6300 Number multiple

times within a sixty-minute period, all of which Progressive placed using an ATDS with an artificial and/or prerecorded voice in an attempt to collect the Alleged Debt.

21. Progressive never had Mr. Osceola's prior express consent to call the 6300 Number.

22. To the extent Progressive was calling the 6300 Number mistakenly, Mr. Osceola reasonably attempted to withdraw any purported or supposed consent for Progressive to call the 6300 Number during the first call on October 7, 2020. Thereafter, Mr. Osceola reasonably attempted to withdraw any purported or supposed to consent for Progressive to call the 6300 Number on each call it placed to same thereafter, all of which were placed using an ATDS with artificial and/or prerecorded voice. In total, Mr. Osceola made seven (7) attempts to withdraw any purported or supposed consent for Progressive to call the 6300 Number.

23. Mr. Osceola attempted to disavow the Alleged Debt by informing Progressive that he never has been its customer and has no relationship with the company. In total, Mr. Osceola attempted to disavow the Alleged Debt seven (7) times over a four day period. Nonetheless, Progressive continued to communicate with Mr. Osceola by placing calls to the 6300 Number using an ATDS with artificial and/or prerecorded voice in an attempt to collect the Alleged Debt.

24. Even if the Alleged Debt was associated with Mr. Osceola, none of Progressive's calls placed to the 6300 Number properly identified itself as a debt collector attempting to collect a debt.

25. Even if the Alleged Debt was associated with Mr. Osceola, none of Progressive's calls placed to the 6300 Number properly informed Mr. Osceola that any information it obtained therein would be used in furtherance of its debt collections activities.

26. Progressive's conduct injured Mr. Osceola by causing him to waste time, money and resources answering its continuous calls or listening to its voicemail messages.

27. Additionally, Progressive's incessant calling campaign was a nuisance and an invasion of Mr. Osceola's privacy interests protected by the TCPA.

28. Mr. Osceola has retained undersigned counsel to represent him in this action and is obligated to pay a reasonable fee therefor.

## COUNT I
### (Violation of 47 U.S.C. § 227(b)(1)(A))

29. Mr. Osceola incorporates by reference herein the allegations set forth in paragraph 1 through 29 of this Complaint.

30. At all times material hereto, Mr. Osceola was the subscriber and regular, customary user of the 6300 Number, a cellular telephone number.

31. Progressive placed at least thirty (30) calls to the 6300 Number.

32. Progressive used an ATDS to place each call to the 6300 Number.

33. Progressive used an artificial and/or prerecorded voice to deliver the following message on each call: "This is an important message from Progressive Leasing. Please call us immediately at (866) 389-0002."

34. At no time did Progressive have Mr. Osceola's prior express consent to call the 6300 Number.

35. Notwithstanding the lack of prior express consent, Mr. Osceola repeatedly demanded that Progressive discontinue its incessant calling campaign yet Progressive continued unabated.

36. Progressive's conduct demonstrates its willful and knowing non-compliance with the TCPA by continuing to call the 6300 Number despite Mr. Osceola's demands to immediately discontinue same. Accordingly, the Court properly may award in its discretion Mr. Osceola treble damages for those calls placed to the 6300 Number.

WHEREFORE, Plaintiff, Curtis Osceola, demands judgment for damages against Defendant, Prog Leasing, LLC, for actual, statutory and treble damages, attorneys' fees and costs pursuant to contract and/or applicable law, along with all other and such further relief as the Court deems appropriate under the circumstances.

### COUNT II
### (Violation of 15 U.S.C. § 1692d)

37. Mr. Osceola incorporates by reference herein the allegations set forth in paragraph 1 through 29 of this Complaint.

38. Mr. Osceola is a "consumer" as defined by 15 U.S.C. § 1692a.

39. The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a.

40. Progressive is a "debt collector" as defined by 15 U.S.C. § 1692a.

41. Progressive targeted Mr. Osceola as the object of its debt collection activity arising from the Alleged Debt.

42. During the period from October 2, 2019, to present, Progressive's conduct in furtherance of its debt collection activity caused the 6300 Number to ring repeatedly and continuously, with the intent to harass and abuse Mr. Osceola. Such conduct caused the 6300 Number to ring no less than eighteen (18) times during this period.

43. Progressive's intent to harass and abuse Mr. Osceola is evidenced by its causing the 6300 Number to ring no less than eighteen (18) times in seven days, at a frequency of up to four calls per day. Further, Progressive's calls were placed on back-to-back days, in rapid succession, during working hours and on weekends.

WHEREFORE, Plaintiff, Curtis Osceola, demands judgment for damages against Defendant, Prog Leasing, LLC, for actual and statutory damages, attorneys' fees and costs

pursuant to 15 U.S.C. § 1692 *et. seq.*, along with all other and such further relief as the Court deems appropriate under the circumstances.

## COUNT III
### (Violation of 15 U.S.C. § 1692e)

44. Mr. Osceola incorporates by reference herein the allegations set forth in paragraph 1 through 29 of this Complaint.

45. Mr. Osceola is a "consumer" as defined by 15 U.S.C. § 1692a.

46. The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a.

47. Progressive is a "debt collector" as defined by 15 U.S.C. § 1692a.

48. Each call Progressive placed to the 6300 Number was a "communication" as defined by 15 U.S.C. § 1692a.

49. Progressive targeted Mr. Osceola as the object of its debt collective activity arising from the Alleged Debt. In furtherance thereof, Progressive communicated with Mr. Osceola regarding the Alleged Debt by placing calls to the 6300 Number.

50. In all communications with Mr. Osceola, Progressive failed to disclose that it is a debt collector attempting to collect a debt and that any information obtained will be used for the purpose.

WHEREFORE, Plaintiff, Curtis Osceola, demands judgment for damages against Defendant, Prog Leasing, LLC, for actual and statutory damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1692 *et. seq.*, along with all other and such further relief as the Court deems appropriate under the circumstances.

## COUNT IV
### (Violation of Fla. Stat. § 559.72)

51. Mr. Osceola incorporates by reference herein the allegations set forth in paragraph 1 through 26 of this Complaint.

52. Mr. Osceola is a "consumer" as defined by Fla. Stat. § 559.55.

53. The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55.

54. Progressive is a "person" as defined by Fla. Stat. 1.01(3).

55. Progressive is a "debt collector" as defined by Fla. Stat. § 559.55.

56. Mr. Osceola has been the object of Progressive's debt collection activity arising from the Alleged Debt.

57. Progressive's willful communications with Mr. Osceola on such a frequent basis as could reasonably be expected to harass him. Further, Progressive willfully engaged in conduct *i.e.*, its incessant calling campaign, that could reasonably be expected to harass or abuse Mr. Osceola.

58. Such conduct could reasonably be expected to harass and/or abuse Mr. Osceola considering Progressive called the 6300 Number thirty (30) times in a thirteen day period at a rate from two calls per day up to four calls per day. Further, Progressive's calls were placed on back-to-back days, in rapid succession, during working hours and on weekends.

WHEREFORE, Plaintiff, Curtis Osceola, demands judgment for damages against Defendant, Prog Leasing, LLC, for actual and statutory damages, attorneys' fees and costs pursuant to Fla. Stat. 559.77, along with all other and such further relief as the Court deems appropriate under the circumstances.

## **DEMAND FOR JURY TRIAL**

59. Mr. Osceola demand a trial by jury on all claims set forth herein.

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel.	(305) 373-3232
Fax	(305) 373-3233

By: /s/ Christopher A. Ajizian
	Teresa Ragatz
	Florida Bar No. 545170
	Ragatz@irlaw.com
	Christopher A. Ajizian
	Florida Bar No. 1010170
	Ajizian@irlaw.com

*Attorneys for Plaintiff, Curtis Osceola.*