**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:20-cv-24047-JLK**

CURTIS OSCEOLA,

                Plaintiff,
v.

PROG LEASING, LLC, a Utah Corporation,

                Defendant.

_____

**DEFENDANT'S MOTION TO DISMISS COUNTS II-IV OF PLAINTIFF'S COMPLAINT**

Defendant Prog Leasing, LLC ("Prog Leasing"), through counsel and under Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss Counts II-IV of the complaint (the "Complaint") filed by plaintiff Curtis Osceola ("Plaintiff").

## I. INTRODUCTION

Plaintiff Curtis Osceola alleges that Prog Leasing unlawfully used an automatic telephone dialing system ("ATDS") to place dozens of calls to Plaintiff's cellular telephone without his prior express consent. These calls were purportedly attempts to collect a debt allegedly owed to Prog Leasing by Plaintiff. Plaintiff further alleges that these calls were made with the intent to harass and abuse Plaintiff.

On the basis of these allegations, Plaintiff asserts four counts against Prog Leasing for violating: (1) the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; (2) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; and (3) the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72. However, for

the reasons set forth below, Plaintiff's claims under the FDCPA and FCCPA fail as a matter of law.

## II.   STATEMENT OF FACTS

Plaintiff's claims are related to Prog Leasing's efforts "to collect a debt allegedly owed to it" that Plaintiff purportedly incurred "for personal, family, or household purposes." *See* Compl. at ¶ 1, 6. Plaintiff alleges that from September 28 through October 11, 2019, Prog Leasing placed over thirty calls to Plaintiff's cellular telephone using an ATDS. *Id.* at ¶ 8. Plaintiff further alleges that each call was an attempt to collect a debt from Plaintiff. *Id* at ¶ 10. According to Plaintiff, the consequence of Prog Leasing's conduct was to intentionally harass and abuse Plaintiff. *Id.* at ¶ 15.

## III.   ANALYSIS

### A.   Standard of Review

Under Rule 12(b)(6), a defendant may move to dismiss a plaintiff's claims for "failure to state a claim upon which relief can be granted." The Supreme Court has established a two-step process for determining whether a plaintiff has pled sufficient facts to overcome a motion to dismiss. First, the Court must identify and ignore "mere conclusory statements" or legal conclusions, which are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Randall v. Scott*, 610 F.3d 70, 709-10 (11th Cir. 2010) ("[C]onclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations."). Plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*De Armas v. Fin. Corp. of Am.*, 49 F. Supp. 3d 1159, 1161 (S.D. Fla. 2014) (quoting *Twombly*, 550 U.S. at 555); *see also* Report and Recommendation, *Padilla v. Atl. Springs Condo. Assoc., Inc.*, No. 15-61177-CIV-MARTINEZ/GOODMAN, 2015 WL 12828117, at *2 (S.D. Fla. Dec. 18, 2015) ("[T]o survive a motion to dismiss, a plaintiff must do more than merely label his or her claims." (quoting *Afkhami v. Carnival Corp.*, 305 F. Supp. 2d 1308, 1325 (S.D. Fla. 2004), *aff'd and adopted by* Order, *Padilla*, 2016 WL 7187855 (S.D. Fla. Jan. 7, 2016)).

Second, "a complaint must contain sufficient factual matter . . . to 'state a claim [for] relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556); *see also Brinson v. Welsh*, 709 Fed. Appx. 582, 584-85 (11th Cir. 2017) (affirming the Rule 12(b)(6) dismissal of a complaint where its factual allegations, "even if taken to be true, did not by themselves 'allow[] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged'" (alterations in original) (quoting *Iqbal*, 556 U.S. at 678)).

**B.     The Complaint Fails to State a Cause of Action Under the FDCPA.**

To state a claim under the FDCPA, a plaintiff must allege facts showing that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Decarlo v. McKinnon*, No. 13-14324-CIV-MARTINEZ-LYNCH, 2014 WL 12214345, at *3 (S.D. Fla. July 31, 2014) (quoting

*Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000)).  Here, Plaintiff's FDCPA claim must be dismissed as Plaintiff's allegations show that Prog Leasing does not satisfy the definition of a "debt collector" under the FDCPA, and Plaintiff's conclusory allegations are insufficient to support a violation of the FDCPA. Accordingly, Plaintiff does not – and cannot – allege any violation of the FDCPA, and as such, the FDCPA claims should be dismissed with prejudice.

### 1. The FDCPA Claims Fail as a Matter of Law Because Prog Leasing is Not a "Debt Collector" under the FDCPA.

As a preliminary matter, both of Plaintiff's FDCPA claims fail as a matter of law because Plaintiff fails to plead sufficient facts showing that Prog Leasing meets the statutory definition of a "debt collector" under the FDCPA. The substantive provisions of the FDCPA prohibit "debt collectors" from taking certain actions. Therefore, a finding that an individual or entity is a "debt collector" is a prerequisite for a determination of liability under the FDCPA. *Birster v. Am. Home Mortgage Servicing, Inc.*, 481 F. App'x 579, 581-82 (11th Cir. 2012).

The FDCPA defines a "debt collector" as one "who regularly collects or attempts to collect … debts owed or due or asserted to be owed or due *another*." 15 U.S.C. § 1692a (6) (emphasis added). The word "another" is key – a defendant cannot be liable under the FDCPA for attempting to collect a debt due to *itself*. *See Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015) (finding that the FDCPA does not apply to creditors trying to collect their own debt); *see also Corea v. Riverbank Acceptance*, No. 05-20593-CIV-MORENO, 2005 U.S. Dist. LEXIS 61671, at *4 (S.D. Fla. June 15, 2005)

(concluding that defendant was not a "debt collector" within the meaning of the FDCPA because defendant was collecting its own debt in its own name).

Here, the Complaint plainly establishes that Prog Leasing is not a "debt collector" under the FDCPA. Plaintiff himself alleges in the first paragraph of the Complaint, that "[Prog Leasing's] calls each were attempts to collect a debt allegedly ***owed to it*** by Mr. Osceola." Compl. at ¶ 1 (emphasis added). It is thus apparent, from the face of the Complaint, that Prog Leasing is not a "debt collector" within the meaning of the FDCPA because it collects its own debt. As such, Plaintiff's FDCPA claim fails as a matter of law and should be dismissed with prejudice. *Hixson v. French*, 517 F. App'x 767, 769 (11th Cir. 2013) (affirming judgment in favor of defendant where the defendant sought to collect it was owed); *Yeh Ho v. Wells Fargo Bank, N.A.*, No. 15-81522-CIV-MARRA/MATTHEWMAN, 2016 U.S. Dist. LEXIS 195633, at *19 (S.D. Fla. Aug. 29, 2016) (dismissing the plaintiff's FDCPA claim where the defendant was not a "debt collector").

Despite primarily alleging that Prog Leasing made the subject calls to collect its own debt, the Complaint subsequently alleges that Prog Leasing is a "debt collector" as "defined by 15 U.S.C. § 1692a." *See* Compl. at ¶¶ 40; 47. This conclusory allegation does not render Plaintiff's FDCPA claims plausible. The Eleventh Circuit has held that "bare legal conclusion that [the defendant] qualifies as [a] 'debt collector'" under the FDCPA is insufficient to state a claim. *See Thomas v. U.S. Bank Nat'l. Ass'n*, No. 15-14427, 675 Fed. Appx. 892, 2017 WL 117121, at *4-5 (11th Cir. Jan. 12, 2017); *see also White v. Bank of Am.,* NA, 597 F. App'x. 1015, 1020 (11th Cir. 2014) (holding that "a conclusory assertion

that [a defendant] 'regularly attempt[ed] to collect debts'" is insufficient to allege a plausble FDCPA violation). Here, Plaintiff's assertion that Prog Leasing qualifies as a "debt collector" under the FDCPA is insufficient to state a claim under the statute. Plaintiff does not plead any facts to support this conclusory allegation and Plaintiff's averment that Prog Leasing was attempting to collect its own debt renders Plaintiff's FDCPA claims deficient as a matter of law. *See*, *e.g.*, Compl. at ¶ 1.

Accordingly, Plaintiff's FDCPA claims fail as a matter of law and should be dismissed with prejudice.

### 2. The Complaint Fails to Sufficiently Allege Claims for Violation of the FDCPA Because the Allegations Are Entirely Conclusory.

While the Court need not go past the "debt collector" issue in dismissing Plaintiff's FDCPA claims, the claims also fail on grounds that they are entirely conclusory. Plaintiff alleges, in conclusory fashion, that Prog Leasing violated Section 1692d and 1692e of the FDCPA. Plaintiff claims that Prog Leasing violated Section 1692d by causing his cell phone to "ring repeatedly and continuously, with the intent to harass and abuse" and violated Section 1692e because it "failed to disclose that is a debt collector." Compl. at ¶ 42, 50. However, Plaintiff's allegations that Prog Leasing violated the FDCPA are merely "a formulaic recitation of the elements," which the Supreme Court has said "will not do." *Twombly*, 550 U.S. at 555.

First, Plaintiff's conclusory allegation that the calls to his cellphone were harassing is insufficient. Plaintiff generally claims that the calls were made "with the intent to harass and abuse," but fails to plead any detailed facts about the alleged calls. It is well settled

law, that "intrusive and unwanted phone calls are not necessarily abusive, deceptive, and unfair" under the FDCPA. *Lardner v. Diversified Consultants Inc.*, 17 F. Supp. 3d 1215, 1226 (S.D. Fla. 2014). Plaintiff further alleges that he received over eighteen calls in seven days. Compl. at ¶ 43. However, courts have held that such allegations are not sufficient to violate the FDCPA, without evidence of other egregious conduct associated with the calls. *See Lardner*, 17 F. Supp. 3d at 1225 (simply calling plaintiff 126 times over the course of seven months is not enough to violate the FDCPA where there was no evidence of egregious or harassing conduct); *see also Wolhuter v. Carrington Mortg. Servs., LLC*, No. 8:15-CV-552-MSS-TBM, 2015 WL 12819153, at *3 (M.D. Fla. Oct. 28, 2015) ("one or two phone calls per day are not sufficient to violate the FDCPA or its state analogues, absent evidence of other egregious conduct associated with the calls.").

Plaintiff further alleges that Prog Leasing violated the Section 1692e of the FDCPA because it "failed to disclose that it is a debt collector" However, these allegations are equally insufficient. Plaintiff makes the conclusory allegation that Prog Leasing's conduct violated Section 1692e, but fails to provide any factual allegation supporting how exactly Prog Leasing violated these statutory provisions. For example, the Complaint includes no allegations describing what false representations, if any, Prog Leasing made regarding the character, amount, or legal status of the debt allegedly at issue. It also includes no specific factual allegations regarding any communication or threats to communicate the alleged disputed status of the subject debt. Further, it fails to include allegations regarding any other false representation made or deceptive means employed by Prog Leasing to collect or attempt to collect the debt allegedly at issue, or to obtain information about Plaintiff.

Plaintiff merely makes the conclusory allegation that the calls at issue were harassing, but fails to plead any details about the alleged calls. There are no facts explaining why the calls "annoy, abuse, or harass any person" or how they constitute "false, deceptive, or misleading representations." Such conclusory allegations are wholly improper and warrant dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Librizzi v. Ocwen Loan Servicing, LLC*, 120 F. Supp. 3d 1368, 1380-81 (S.D. Fla. 2015) (dismissing FDCPA claim where plaintiff failed to "allege the contents of the communications which plausibly indicate that an attempt to collect the debt was 'false, deceptive, or misleading,' under 15 U.S.C. §1692e…"); *Chalik v. Westport Recovery Corp.*, 677 F. Supp. 2d 1322, 1330 (S.D. Fla. 2009) (dismissing FDCPA claim as insufficient absent specific allegations as to how collectors' conduct was unfair or unconscionable). As such, this Court should dismiss Plaintiff's FDCPA in its entirety, and with prejudice.

### C. The Complaint Fails to State a Cause of Action Under the FCCPA.

This Court should also dismiss Plaintiff's claim under the FCCPA because Plaintiff has failed to allege sufficient facts showing that Prog Leasing violated any specific provision of the FCCPA. The FCCPA contains nineteen sub-sections, all of which prohibit certain debt collection practices. *See* Fla. Stat. § 559.72. However, Plaintiff's Complaint entirely fails to specify under which sub-section(s) of the FCCPA his claim is brought.

In *Estrella v. Client Servs.*, Case No. 8:14-cv-103-T-24EAJ, 2014 U.S. Dist. LEXIS 192610 (M.D. Fl. March 20, 2014), the court granted the defendant's motion to dismiss on

grounds that the complaint failed to explain how the defendant allegedly violated the FCCPA. As is the case here, the plaintiff in *Estrella* failed to allege a specific sub-section of the FCCPA that formed the basis of his claims. Accordingly, the court dismissed the complaint and held that the defendant could not meaningfully respond to the plaintiff's FCCPA claim without knowing under what sub-section the alleged violations occurred.

The exact same pleading deficiencies exist in Plaintiff's Complaint. Here, Plaintiff relies entirely on the conclusory allegation that Prog Leasing's "conduct could reasonably be expected to harass and/or abuse" Plaintiff. *See* Compl. at ¶ 58. However, Plaintiff fails to allege under what sub-section this conduct allegedly occurred. Plaintiff's "failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading . . . present[s] an unfair burden on a defendant" and this Court should thus dismiss Plaintiff's claim under the FCCPA.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Prog Leasing, LLC respectfully requests this Court enter an Order dismissing Counts II-IV of the Complaint, tolling the time for Prog Leasing, LLC to respond to Count I of the Complaint until sometime after this Court's Order on this Motion, and granting any and all additional relief that this Court deems just and proper.

Dated: October 27, 2020   Respectfully submitted,

*/s/ Jenny N. Perkins*
Jenny N. Perkins, Esquire
Florida Bar No. 77570
perkinsj@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Fl.
Philadelphia, PA 19103
Telephone: (215) 864-8378
Facsimile: (215) 864-8999

*Attorneys for Defendant Prog Leasing, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on this 27th day of October 2020, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Teresa Ragatz, Esquire
ragatz@irlaw.com
Christopher A. Ajizian, Esquire
ajizian@irlaw.com
Eric D. Isicoff, Esquire
isicoff@irlaw.com
ISICOFF RAGATZ
601 Brickell Key Drive, Suite 750
Miami, FL 33131

*Attorneys for Plaintiff*

Dated: October 27, 2020          */s/ Jenny N. Perkins*
                                  Jenny N. Perkins