UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-24047-JLK

CURTIS OSCEOLA

      Plaintiff,

v.

PROG LEASING, LLC, a Utah Corporation,

      Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (DE 8), filed October 27, 2020. The Court has also considered Plaintiff's Response in Opposition (DE 10), filed November 10, 2020, and Defendant's Reply (DE 11), filed November 17, 2020.

### I. BACKGROUND

Plaintiff Curtis Osceola filed the above-styled action and demand for jury trial on October 2, 2020, alleging that Defendant Prog Leasing, LLC violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (Count I), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* (Counts II-III), and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72 *et. seq.* (Count IV). *See generally* Compl., DE 1. Specifically, Plaintiff alleges that Defendant attempted to collect an alleged debt, the subject of which was primarily for personal, family, or household purposes, by using an automated telephone dialing system to place not fewer than thirty phone calls to his telephone number from

September 28, 2019 through October 11, 2019. *Id.* ¶¶ 6, 8. Defendant has moved to dismiss Counts II and III related to the FDCPA, 15 U.S.C. § 1692 *et. seq.*, and Count IV related to the FCCPA, Fla. Stat. § 559.72 *et. seq. See* Mot. Dismiss, DE 8.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

In the Motion to Dismiss, Defendant attacks the allegations raised in Counts II-IV by Plaintiff: violations of the FDCPA (Counts II-II) and the FCCPA (Count IV).

**1. Fair Debt Collection Practices Act (Counts II-III)**

Defendant moves to dismiss Count II and Count III, both of which are brought under the Fair Debt Collection Practices Act. In order to prevail on an FDCPA claim, a plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360–61 (S.D. Fla. 2000). Furthermore, the Act defines "debt collector" as "[1] any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [2] who regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692a(6). Plaintiff alleges that Defendant violated the FDCPA because Defendant is a "debt collector" under the statute since the principal purpose of its business "is to collect or attempt to collect debts due or allegedly due to another," and Defendant's "conduct in furtherance of its debt collection activity caused the . . . number to ring repeatedly and continuously, with the intent to harass and abuse Mr. Osceola." Compl., ¶¶ 7, 42.

In seeking dismissal, Defendant contends that the Complaint fails to state claims under the FDCPA since Defendant does not satisfy the definition of "debt collector" under the statute, and Plaintiff's "conclusory allegations are insufficient to support a violation of the FDCPA." Mot. Dismiss, DE 8. The Court agrees. Plaintiff argues that Defendant qualifies as a "debt collector" in that the principal purpose of its business is to collect debts; however, Plaintiff alleges no facts supporting this claim. Rather, Plaintiff provides multiple cases to show that similar allegations are sufficient to withstand a motion to dismiss, but those cases can be sufficiently distinguished from the present case. For example, in *Iyamu,* while the Court held that Plaintiff's allegations that Defendant "regularly collects or attempts to collects debts" and is a "debt collector" were sufficient to withstand a motion to dismiss, unlike in the present case, the Defendant in that case was an attorney, and the Court was relying on a Supreme Court decision which has interpreted the definition of "debt collector" to include lawyers who regularly engage in consumer debt collection. *See Iyamu v. Clarfield, Okon, Salomone & Pincus, P.L.*, 950 F. Supp. 2d 1271, 1275 (S.D. Fla. 2013). Additionally, in *Figueroa*, the Court was ruling on a motion for entry of default judgment, as opposed to a motion to dismiss. *See Figueroa v. Maximum Recovery Solutions*, Case No. 12-60098-CIV-WILLIAMS/SELTZER, 2012 U.S. Dist. LEXIS 206469 (S.D. Fla. Dec. 12, 2012).

In contrast, the Eleventh Circuit has affirmed lower court decisions granting motions to dismiss when the complaint relies on bare legal conclusions that defendant is a debt collector. *See Davidson v. Capital One Bank (USA), N.A.,* 797 F.3d 1309 (11th Cir. 2015); *see also White v. Bank of Am.*, *N.A.*, 597 F. App'x. 1015, 1020 (11th Cir. 2014). Specifically, the Eleventh Circuit has done so when "the amended complaint provides a basis from which we can plausibly infer that some part of [Defendant's] business is debt collection, but it fails to provide any basis from which we could plausibly infer that the "principal purpose" of [Defendant's] business is debt collection." *Davidson*, 797 F.3d at 1317. Similarly, here, Plaintiff's allegations that Defendant is a "debt collector" under the Act are insufficient to state a claim under the FDCPA. Counts II and III are therefore dismissed.

    **2.  Florida Consumer Collection Practices Act (Count IV)**

Defendant also moves to dismiss Count IV, which brings a claim under the Florida Consumer Collection Practices Act. Plaintiff alleges that Defendant violated the FCCPA by Defendant's "willful communications with Mr. Osceola on such a frequent basis as could reasonably be expected to harass him . . . [Defendant] willfully engaged in conduct *i.e.*, its incessant calling campaign, that could reasonably be expected to harass or abuse Mr. Osceola." Compl., ¶ 57.

In seeking dismissal, Defendant argues that the complaint fails to state a cause of action under the FCCPA because Plaintiff failed to specify under which sub-section(s) of the FCCPA his claim is brought. Mot. Dismiss, DE 8. The Court disagrees. Plaintiff's allegations closely track the language from Section 7 of the Act. § 559.72(7).  Additionally, Plaintiff explicitly states in its response that the allegations could only relate to Section 7 of the Act, as the words

"harass" and "abuse" do not appear in any other sections. Response. Opp., DE 10. Thus, Plaintiff's allegations pursuant to the FCCPA are sufficient, and Count IV survives dismissal.

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that:

1. Defendant's Motion to Dismiss **(DE 8)** be, and the same hereby is, **GRANTED IN PART** as set forth more fully herein;

2. Counts II and III of Plaintiff's Complaint are hereby **DISMISSED**;

3. Defendant shall file an Answer or other responsive pleading to Counts I and IV of the Complaint within **twenty (20) days** of the date of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 25th day of February, 2021.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record